IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        **Plaintiff,**<br><br>   v.<br><br>ST. VINCENT MEDICAL GROUP, INC.,<br>ST. VINCENT CARMEL HOSPITAL,<br>INC., AND HANNAH THORNTON, R.N.,<br>N.P.,<br><br>        **Defendants.** | Cause No. 1:19-cv-03777 |

**APPLICATION TO ISSUE AUTHORIZING ORDER
PURSUANT TO 42 C.F.R. CH. I, PART 2, SUBPART E**

Defendants St. Vincent Medical Group, Inc. ("SVMG"), St. Vincent Carmel Hospital, Inc. (the "Hospital"), and Hannah Thornton, R.N., N.P, (collectively, "Defendants"), by counsel, respectfully request that the Court grant the following Application to issue an Authorizing Order pursuant to 42 C.F.R. Ch. I, Part 2, Subpart E. (the "Application").

        **I.**        **Introduction.**

On July 3, 2018, Plaintiff Jane Doe filed her Complaint for Damages and for Jury Trial (the "Lawsuit"). Of relevance to the Application, Jane Doe is seeking damages from Defendants related her referral to the Positive Sobriety Institute ("PSI") for the evaluation and treatment of alcohol use disorder. PSI is located at 680 N. Lake Shore Drive, Suite 800, Chicago, Illinois 60611. During the course of discovery, Defendants have repeatedly sought PSI's complete treatment file (the "Treatment Records") related to Jane Doe. As discussed below, federal law prohibits the disclosure of substance abuse disorder treatment records absent a patient's consent, or a court order authorizing the disclosure of such records pursuant to an enforceable subpoena.

Jane Doe has refused to provide consent for the disclosure of the Treatment Records. Accordingly, Defendants' respectfully request that the Court grant the following Application and attached Order.

## II.     Legal Standard.

PSI is located at 680 N. Lake Shore Drive, Suite 800, Chicago, Illinois 60611. PSI provides services related to alcoholism, drug abuse, and alcohol and drug abuse treatment and rehabilitation. PSI is prohibited by federal law from disclosing Jane Doe's treatment records absent her consent or a court order issued in compliance with applicable federal regulations. *See* Ex. A, 42 C.F.R. Ch. I, Part 2. An order authorizing the disclosure of patient records may be applied for by any person having a legally recognized interest in the disclosure which is sought. *See* 42 C.F.R. § 2.64(a). The application may be filed separately, or as part of a pending civil action in which the applicant asserts that the patient records are needed to provide evidence. *Id.* An application must use a fictitious name, such as Jane Doe, to refer to any patient and may not contain or otherwise disclose any patient identifying information. *Id.*

An order authorizing the release of treatment records may be entered if the court determines that good cause exists to release the records. *Id.* To make this determination the court must find: (1) other ways of obtaining the information are not available or would not be effective; and (2) the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment services. *Id.* Following a good cause determination, a court may authorize the disclosure of confidential treatment records if it determines the authorization is made in connection with litigation in which the patient offers testimony or other evidence pertaining to the content of the records. 42 C.F.R. 2.63(a)(3).

Upon application for authorization, the patient and the person holding the records from whom disclosure is sought must be provided: (1) adequate notice in a manner which does not

disclose patient identifying information to other persons; and (2) an opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order as described in 42 C.F.R. § 2.64. *See* 42 C.F.R. § 2.64(b).

Assuming the foregoing requirements are met, an order authorizing a disclosure must: (a) limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order; (b) limit disclosure to those persons whose need for information is the basis for the order; and (c) include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services. *See* 42 C.F.R. § 2.64(e).

### III. Disclosure of the Treatment Records is Appropriate in this Case.

**A. Good Cause Exists Because There is No Other Way to Obtain the Treatment Records Absent a Court Order Pursuant to 42 U.S.C. § 2.64(c).**

On November 29, 2018, Defendants served Jane Doe with Requests for Production of Documents and Interrogatories ("Discovery Requests") in connection with the Lawsuit. *See* Ex. B, Defendants' Motion to Compel Plaintiff to Execute Written Authorizations for Release of Records, p. 3. Defendants' Discovery Requests sought information and documents regarding Jane Doe's assessment and treatment by PSI. *Id.* To the extent Jane Doe did not have possession of the records, Defendants' Discovery Requests asked her to execute an authorization for the release of the information. *Id.* On January 3, 2019, the trial court entered an order granting Jane Doe's Motion for a protective order to designate and treat any counseling and treatment records as "Attorney's Eyes Only." *See* Ex. C. To date, Jane Doe has refused to execute an authorization directed to PSI, or otherwise consent to the complete disclosure of PSI's file.

On May 3, 2019, Defendants filed their Motion to Compel [Jane Doe] to Execute Written Authorizations for Release of Records (the "Motion"). *See generally* Ex. B. In the Motion,

Defendants requested the Court order Jane Doe to execute a written authorization directed to PSI for the release of her treatment records. On May 23, 2019, the Court denied Defendants' Motion as to its request to order Jane Doe to execute the written authorization directed to PSI. *See* Ex. D, May 23, 2019 Order.

Without Jane Doe's explicit consent, PSI is prohibited from releasing her treatment records absent a court authorization order pursuant to 42 C.F.R. Ch. I, Part 2, Subpart E. Accordingly, good cause now exists to approve Defendants' application because there is no other way to obtain the Treatment Records absent entry of the attached Order and Subpoena Duces Tectum. *See* Exhibit E.

**B.      Good Cause Exists Because the Public Interest and Need for the Disclosure of the PSI Treatment Records Outweighs the Potential Injury to Jane Done, the Physician-Patient Relationship and the Treatment Services.**

The Treatment Records are undeniably relevant to the parties' claims and defenses in this matter. Jane Doe's claims are inextricably linked, and in many cases based on, the allegations regarding her assessment and treatment at PSI. Indeed, Jane Doe claims Defendants are responsible for the eventual referral to PSI, resulting in the damages alleged in her Complaint. Equally important, Jane Doe has placed her physical and mental condition at issue given her claim for emotional distress damages. Accordingly, the very nature of Jane Doe's claims demonstrates her substance abuse diagnosis and treatment is a central issue in this case. The Treatment Records are therefore crucial to Defendants' defense.

Importantly, the protections afforded by 42 C.F.R. Ch. I, Part 2 are not unlimited. Courts have recognized the well-accepted principle that a litigant will waive confidentiality or privilege by asserting a matter in litigation that, in fairness, requires disclosure of otherwise protected material. *See Lopez v. Louoro*, 2002 WL 31682398 (S.D.N.Y. 2002). In this case, the concept of

fundamental fairness dictates access to the Treatment Records because they are crucial to defending against the very claims Jane Doe has asserted against Defendants. Jane Doe's privacy interests will not be harmed. Jane Doe has already produced some PSI records, and the attached Order designates the Treatment Records as Attorney's Eyes Only. Jane Doe has not suffered any harm as a result of the release of the documents. Accordingly, on balance, good cause exists to grant Defendants' Application. *See, e.g.*, *Doe v. Marsh*, 899 F. Supp. 933, 935 (N.D.N.Y.1995) (ordering disclosure under 42 C.F.R. Ch. I, Part 2 because plaintiff "may not have it both ways and claim damages yet seek to conceal evidence which may very well pertain directly to his claim"); *Doe v. James M. Inman Const. Corp.*, 281 A.D.2d 387, 721 N.Y.S.2d 383 (2d Dept. N.Y. 2001) (medical records making reference to Plaintiff's history of drug use are not protected by confidentiality where Plaintiff has put his physical and psychological state at issue). *See also Andreatta v. Hunley*, 714 N.E.2d 1154, 1157 (Ind. Ct. App. 1999) ("When a party places his or her physical condition at issue, that patient has impliedly waived the physician-patient privilege as to those matters which are causally and historically related to the condition put in issue and which have direct medical relevance to the claim.").

**C.   Defendants have a Legally Recognized Interest in the Disclosure being sought by the Application.**

Defendants also have a legally recognized interest in obtaining the Treatment Records. Whether Defendants have a legally recognized interest is interrelated to the question of whether good cause exists to grant the Application in the first place. *See Briggs v. Winters*, 2014 WL 2922643, at *3 (Conn. Supp. Ct. 2014). As discussed above, Jane Doe has filed a lawsuit against Defendants. Her claims are inseparably tied to the allegations regarding her assessment and treatment for substance abuse at PSI. Moreover, Jane Doe has placed her physical and mental condition at issue when she made a claim for emotional distress damages related to her treatment

5

at PSI. Defendants are entitled to access the Treatment Records because they are crucial to their defense in the ongoing Lawsuit. Accordingly, Defendants have a legally recognized interest in obtaining the PSI treatment records for purposes of mounting its legal defense.

**D.     The Purpose for which the Treatment Records are sought is Proper and Defendants' Proposed Order is Appropriately Tailored to serve this Purpose.**

As discussed above, this Application is being made in connection with ongoing litigation filed by Jane Doe. Jane Doe has offered testimony and evidence regarding her referral to PSI and treatment for alcohol abuse disorder in relation to her claims. Accordingly, pursuant to 42 C.F.R. 2.63(a)(3), the Court is authorized to grant Defendants' Application to utilize the Treatment Records in connection with the lawsuit.

Additionally, the attached Order is narrowly tailored to allow Defendants to utilize the Treatment Records in connection with their defense, while balancing Jane Doe's privacy interests. Specifically, the Order is temporally limited to Treatment Records from January 2, 2018 to present. Jane Doe's confidentiality will be retained because all treatment and assessment records have been and will be labeled as "Attorney's Eyes Only" and produced pursuant to the parties' Agreed Protective Order. As such, the attached Order complies with the requirements set forth in 42 C.F.R. 2.64(e).

**E.     Adequate Notice has been Provided.**

Defendants have served Jane Doe and PSI with a copy of this filing, along with a copy of the applicable federal regulations. Copies of these notifications are attached as Ex. F. As the Court has yet to issue an Order on Defendants' Application, Defendants are not in a position to pursue the treatment records at this time. As such, Jane Doe and PSI have ample opportunity to file a response. Defendants have therefore satisfied the notice requirements set forth in 42 C.F.R. 2.64(b).

WHEREFORE, Defendants have satisfied the requirements set forth in 42 C.F.R. Ch. I, Part 2, Subpart E for purposes of the Application. Accordingly, Defendants respectfully request the Court authorize the disclosure of the Treatment Records pursuant to the attached Order.

|  |  |
|---|---|
| 111 Monument Circle<br>Suite 702<br>Indianapolis, IN 46204<br>Telephone: 317.287.3600<br>Facsimile: 317.636.0712<br>Email: ptschanz@littler.com | Respectfully submitted,<br><br>*/s/ Peter T. Tschanz*<br>Peter T. Tschanz<br><br>*Attorney for Defendants*<br>*St. Vincent Medical Group, Inc., St. Vincent Carmel Hospital, Inc., and Hannah Thornton, R.N., N.P.* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of June, 2019, I filed a copy of the foregoing *Application to Issue Authorizing Order Pursuant to 42 C.F.R. CH. I, Part 2, Subpart E* electronically. Notice of this filing will be sent to the following parties via Federal Express:

Kathleen A. DeLaney
Christopher S. Stake
DELANEY & DELANEY
3646 N. Washington Blvd.
Indianapolis, Indiana 46205

The Positive Sobriety Institute, LLC
c/o CT Corporation System
208 South LaSalle St., Suite 814
Chicago, Illinois 60604

7