> Code of Federal Regulations
>   Title 42. Public Health
>     Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
>       Subchapter A. General Provisions
>         Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
>           Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.61

§ 2.61 Legal effect of order.

Effective: March 21, 2017
Currentness

(a) Effect. An order of a court of competent jurisdiction entered under this subpart is a unique kind of court order. Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290dd–2 and the regulations in this part. Such an order does not compel disclosure. A subpoena or a similar legal mandate must be issued in order to compel disclosure. This mandate may be entered at the same time as and accompany an authorizing court order entered under the regulations in this part.

(b) Examples.

(1) A person holding records subject to the regulations in this part receives a subpoena for those records. The person may not disclose the records in response to the subpoena unless a court of competent jurisdiction enters an authorizing order under the regulations in this part.

(2) An authorizing court order is entered under the regulations in this part, but the person holding the records does not want to make the disclosure. If there is no subpoena or other compulsory process or a subpoena for the records has expired or been quashed, that person may refuse to make the disclosure. Upon the entry of a valid subpoena or other compulsory process the person holding the records must disclose, unless there is a valid legal defense to the process other than the confidentiality restrictions of the regulations in this part.

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (22)                              EXHIBIT A

Current through May 30, 2019; 84 FR 25009.

---

**End of Document**                                   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

> Code of Federal Regulations
>   Title 42. Public Health
>     Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
>       Subchapter A. General Provisions
>         Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
>           Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.62

§ 2.62 Order not applicable to records disclosed without consent to researchers, auditors and evaluators.

Effective: March 21, 2017
Currentness

A court order under the regulations in this part may not authorize qualified personnel, who have received patient identifying information without consent for the purpose of conducting research, audit or evaluation, to disclose that information or use it to conduct any criminal investigation or prosecution of a patient. However, a court order under § 2.66 may authorize disclosure and use of records to investigate or prosecute qualified personnel holding the records.

AUTHORITY: 42 U.S.C. 290dd–2.

Current through May 30, 2019; 84 FR 25009.

---

**End of Document**　　　　　　　　　　　　　　　© 2019 Thomson Reuters. No claim to original U.S. Government Works.

> Code of Federal Regulations
> Title 42. Public Health
> Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
> Subchapter A. General Provisions
> Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
> Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.63

§ 2.63 Confidential communications.

Effective: March 21, 2017
Currentness

(a) A court order under the regulations in this part may authorize disclosure of confidential communications made by a patient to a part 2 program in the course of diagnosis, treatment, or referral for treatment only if:

(1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties;

(2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime allegedly committed by the patient, such as one which directly threatens loss of life or serious bodily injury, including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon, or child abuse and neglect; or

(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

(b) [Reserved]

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (33)

Current through May 30, 2019; 84 FR 25009.

---

End of Document                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.                              1

> Code of Federal Regulations
>   Title 42. Public Health
>     Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
>       Subchapter A. General Provisions
>         Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
>           Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.64

§ 2.64 Procedures and criteria for orders authorizing disclosures for noncriminal purposes.

Effective: March 21, 2017
Currentness

(a) Application. An order authorizing the disclosure of patient records for purposes other than criminal investigation or prosecution may be applied for by any person having a legally recognized interest in the disclosure which is sought. The application may be filed separately or as part of a pending civil action in which the applicant asserts that the patient records are needed to provide evidence. An application must use a fictitious name, such as John Doe, to refer to any patient and may not contain or otherwise disclose any patient identifying information unless the patient is the applicant or has given written consent (meeting the requirements of the regulations in this part) to disclosure or the court has ordered the record of the proceeding sealed from public scrutiny.

(b) Notice. The patient and the person holding the records from whom disclosure is sought must be provided:

  (1) Adequate notice in a manner which does not disclose patient identifying information to other persons; and

  (2) An opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order as described in § 2.64(d).

(c) Review of evidence: Conduct of hearing. Any oral argument, review of evidence, or hearing on the application must be held in the judge's chambers or in some manner which ensures that patient identifying information is not disclosed to anyone other than a party to the proceeding, the patient, or the person holding the record, unless the patient requests an open hearing in a manner which meets the written consent requirements of the regulations in this part. The proceeding may include an examination by the judge of the patient records referred to in the application.

(d) Criteria for entry of order. An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find that:

  (1) Other ways of obtaining the information are not available or would not be effective; and

(2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

(e) Content of order. An order authorizing a disclosure must:

(1) Limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order;

(2) Limit disclosure to those persons whose need for information is the basis for the order; and

(3) Include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient's record has been ordered.

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (70)

Current through May 30, 2019; 84 FR 25009.

---

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
 Title 42. Public Health
  Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
   Subchapter A. General Provisions
    Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
     Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.65

§ 2.65 Procedures and criteria for orders authorizing disclosure
and use of records to criminally investigate or prosecute patients.

Effective: March 21, 2017
Currentness

(a) Application. An order authorizing the disclosure or use of patient records to investigate or prosecute a patient in connection with a criminal proceeding may be applied for by the person holding the records or by any law enforcement or prosecutorial officials who are responsible for conducting investigative or prosecutorial activities with respect to the enforcement of criminal laws. The application may be filed separately, as part of an application for a subpoena or other compulsory process, or in a pending criminal action. An application must use a fictitious name such as John Doe, to refer to any patient and may not contain or otherwise disclose patient identifying information unless the court has ordered the record of the proceeding sealed from public scrutiny.

(b) Notice and hearing. Unless an order under § 2.66 is sought in addition to an order under this section, the person holding the records must be provided:

(1) Adequate notice (in a manner which will not disclose patient identifying information to other persons) of an application by a law enforcement agency or official;

(2) An opportunity to appear and be heard for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order as described in § 2.65(d); and

(3) An opportunity to be represented by counsel independent of counsel for an applicant who is a law enforcement agency or official.

(c) Review of evidence: Conduct of hearings. Any oral argument, review of evidence, or hearing on the application shall be held in the judge's chambers or in some other manner which ensures that patient identifying information is not disclosed to anyone other than a party to the proceedings, the patient, or the person holding the records. The proceeding may include an examination by the judge of the patient records referred to in the application.

(d) Criteria. A court may authorize the disclosure and use of patient records for the purpose of conducting a criminal investigation or prosecution of a patient only if the court finds that all of the following criteria are met:

(1) The crime involved is extremely serious, such as one which causes or directly threatens loss of life or serious bodily injury including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon, and child abuse and neglect.

(2) There is a reasonable likelihood that the records will disclose information of substantial value in the investigation or prosecution.

(3) Other ways of obtaining the information are not available or would not be effective.

(4) The potential injury to the patient, to the physician-patient relationship and to the ability of the part 2 program to provide services to other patients is outweighed by the public interest and the need for the disclosure.

(5) If the applicant is a law enforcement agency or official, that:

(i) The person holding the records has been afforded the opportunity to be represented by independent counsel; and

(ii) Any person holding the records which is an entity within federal, state, or local government has in fact been represented by counsel independent of the applicant.

(e) Content of order. Any order authorizing a disclosure or use of patient records under this section must:

(1) Limit disclosure and use to those parts of the patient's record which are essential to fulfill the objective of the order;

(2) Limit disclosure to those law enforcement and prosecutorial officials who are responsible for, or are conducting, the investigation or prosecution, and limit their use of the records to investigation and prosecution of the extremely serious crime or suspected crime specified in the application; and

(3) Include such other measures as are necessary to limit disclosure and use to the fulfillment of only that public interest and need found by the court.

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (33)

Current through May 30, 2019; 84 FR 25009.

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2019 Thomson Reuters. No claim to original U.S. Government Works.  2

Code of Federal Regulations
  Title 42. Public Health
    Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
      Subchapter A. General Provisions
        Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
          Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.66

§ 2.66 Procedures and criteria for orders authorizing disclosure and use of records to investigate or prosecute a part 2 program or the person holding the records.

Effective: March 21, 2017
Currentness

(a) Application.

(1) An order authorizing the disclosure or use of patient records to investigate or prosecute a part 2 program or the person holding the records (or employees or agents of that part 2 program or person holding the records) in connection with a criminal or administrative matter may be applied for by any administrative, regulatory, supervisory, investigative, law enforcement, or prosecutorial agency having jurisdiction over the program's or person's activities.

(2) The application may be filed separately or as part of a pending civil or criminal action against a part 2 program or the person holding the records (or agents or employees of the part 2 program or person holding the records) in which the applicant asserts that the patient records are needed to provide material evidence. The application must use a fictitious name, such as John Doe, to refer to any patient and may not contain or otherwise disclose any patient identifying information unless the court has ordered the record of the proceeding sealed from public scrutiny or the patient has provided written consent (meeting the requirements of § 2.31) to that disclosure.

(b) Notice not required. An application under this section may, in the discretion of the court, be granted without notice. Although no express notice is required to the part 2 program, to the person holding the records, or to any patient whose records are to be disclosed, upon implementation of an order so granted any of the above persons must be afforded an opportunity to seek revocation or amendment of that order, limited to the presentation of evidence on the statutory and regulatory criteria for the issuance of the court order in accordance with § 2.66(c).

(c) Requirements for order. An order under this section must be entered in accordance with, and comply with the requirements of, paragraphs (d) and (e) of § 2.64.

(d) Limitations on disclosure and use of patient identifying information.

(1) An order entered under this section must require the deletion of patient identifying information from any documents made available to the public.

(2) No information obtained under this section may be used to conduct any investigation or prosecution of a patient in connection with a criminal matter, or be used as the basis for an application for an order under § 2.65.

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (8)

Current through May 30, 2019; 84 FR 25009.

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.

> Code of Federal Regulations
> Title 42. Public Health
> Chapter I. Public Health Service, Department of Health and Human Services (Refs & Annos)
> Subchapter A. General Provisions
> Part 2. Confidentiality of Substance Use Disorder Patient Records (Refs & Annos)
> Subpart E. Court Orders Authorizing Disclosure and Use

42 C.F.R. § 2.67

§ 2.67 Orders authorizing the use of undercover agents and informants to investigate employees or agents of a part 2 program in connection with a criminal matter.

Effective: March 21, 2017
Currentness

(a) Application. A court order authorizing the placement of an undercover agent or informant in a part 2 program as an employee or patient may be applied for by any law enforcement or prosecutorial agency which has reason to believe that employees or agents of the part 2 program are engaged in criminal misconduct.

(b) Notice. The part 2 program director must be given adequate notice of the application and an opportunity to appear and be heard (for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order in accordance with § 2.67(c)), unless the application asserts that:

(1) The part 2 program director is involved in the suspected criminal activities to be investigated by the undercover agent or informant; or

(2) The part 2 program director will intentionally or unintentionally disclose the proposed placement of an undercover agent or informant to the employees or agents of the program who are suspected of criminal activities.

(c) Criteria. An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find all of the following:

(1) There is reason to believe that an employee or agent of the part 2 program is engaged in criminal activity;

(2) Other ways of obtaining evidence of the suspected criminal activity are not available or would not be effective; and

(3) The public interest and need for the placement of an undercover agent or informant in the part 2 program outweigh the potential injury to patients of the part 2 program, physician-patient relationships and the treatment services.

(d) Content of order. An order authorizing the placement of an undercover agent or informant in a part 2 program must:

(1) Specifically authorize the placement of an undercover agent or an informant;

(2) Limit the total period of the placement to six months;

(3) Prohibit the undercover agent or informant from disclosing any patient identifying information obtained from the placement except as necessary to investigate or prosecute employees or agents of the part 2 program in connection with the suspected criminal activity; and

(4) Include any other measures which are appropriate to limit any potential disruption of the part 2 program by the placement and any potential for a real or apparent breach of patient confidentiality; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient's record has been ordered.

(e) Limitation on use of information. No information obtained by an undercover agent or informant placed in a part 2 program under this section may be used to investigate or prosecute any patient in connection with a criminal matter or as the basis for an application for an order under § 2.65.

AUTHORITY: 42 U.S.C. 290dd–2.

Notes of Decisions (5)

Current through May 30, 2019; 84 FR 25009.

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.