Filed: 5/2/2019 4:45 PM
Clerk
Marion County, Indiana

| | |
|---|---|
| STATE OF INDIANA )<br>) SS:<br>COUNTY OF MARION ) | IN THE MARION SUPERIOR COURT<br>INDIANA COMMERCIAL COURT<br>CAUSE NO. 49D01-1807-PL-026160 |
| ███████████<br>Plaintiff,<br>v.<br>ST. VINCENT MEDICAL GROUP, INC.,<br>ST. VINCENT CARMEL HOSPITAL,<br>INC., AND HANNAH THORNTON, R.N.,<br>N.P.,<br>Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO EXECUTE WRITTEN AUTHORIZATIONS FOR RELEASE OF RECORDS

Defendants St. Vincent Medical Group, Inc. ("SVMG"), St. Vincent Carmel Hospital, Inc. (the "Hospital"), and Hannah Thornton, R.N., N.P, ("Thornton") (collectively, "Defendants") submit the following Brief in Support of Motion to Compel Plaintiff to Execute Written Authorizations for Release of Records (the "Motion").

### Procedural History and Background Facts

1. On July 3, 2018, Plaintiff ███████ ███████ filed her Complaint for Damages and for Jury Trial ("Complaint" or "Cmplt."). Among other allegations, ███ asserts:

- On December 21, 2017, ███ had to leave work at SVMG or SVCH immediately and could not return to work until she had undergone an evaluation for alcohol or substance abuse with the Indiana State Medical Association ("ISMA"). Cmplt. ¶¶ 26, 29.

- On December 22, 2017, ███ met with the ISMA, who referred her to Positive Sobriety Institute ("PSI") in Chicago. *Id.* ¶ 36.

EXHIBIT B

- PSI evaluated ▮ on January 2 and 3, 2018. *Id.* ¶ 37.
- On January 17, 2018, PSI informed ▮ that it had diagnosed her with Alcohol Use Disorder and was recommending a treatment plan for her. *Id.* ¶ 38.
- As a result of PSI's report, and as a condition of keeping her medical license and her job, ISMA and SVMG required ▮ to state that she was an impaired physician and further required her to enter PSI's treatment program. *Id.* ¶ 39.
- SVMG coerced ▮ into signing a Monitoring Contract with ISMA on March 15, 2018, as a condition of her continued employment. SVMG permitted ▮ to return to work on or about March 20, 2018, on the conditions that she abide by the terms of her agreement with ISMA and comply with the PSI program. *Id.* ¶ 40.
- The Monitoring Contract has a term of five years, with no early termination provision. Should ▮ fail to comply with the terms of PSI's treatment program and/or the Monitoring Contract, ISMA shall be entitled to notify SVMG, SVCH, the Indiana Medical Licensing Board, the Indiana Attorney General's Consumer Protection Division, and/or the DEA. *Id.* ¶ 41.
- ▮ has incurred, and will continue to incur for the foreseeable future, significant out-of-pocket costs, including but not limited therapy and counseling costs at PSI, and travel expenses associated with ongoing attendance at PSI. *Id.* ¶ 46.
- ▮ has suffered damages as a result of Defendants' allegedly bad acts, including referring her to the ISMA and requiring that she follow ISMA's direction. *Id.* ¶¶ 53, 60, 68, 74, 91.

2

2. On November 29, 2018, Defendants served ▇ with Requests for Production of Documents and Interrogatories ("Defendants' Discovery Requests"). A true and accurate copy of Defendants' Discovery Requests are attached hereto as Exhibit A.

3. Defendants' Discovery Requests sought information and documents regarding ▇ assessment and treatment by ISMA and PSI. *See* Interrog. Nos. 9, 11-12 and RFP Nos. 3-8. Defendants also asked ▇ to produce her complete treatment and counseling records regarding her emotional distress claim. RFP No. 3. To the extent ▇ did not have possession of the records, Defendants' Discovery Requests asked ▇ to execute authorizations for the release of the information. Defendants attached authorizations to the Discovery Requests.

4. On December 6, 2018, ▇ provided Defendants with her initial disclosures and identified Pamela Weissman, LCSW, LMFT, LCAC ("Weissman") as ▇ therapist who would testify regarding ▇ damages and diagnosis of alcohol use disorder. ▇ also included Weissman in her preliminary witness list, filed with the Court on January 7, 2019.

5. On December 12, 2018, ▇ filed a motion seeking to label her assessment and treatment records as Attorneys' Eyes Only ("AEO"). On January 3, 2019, the Court granted her motion, in part, requiring that the documents be labeled AEO, but permitting Defendants to show the records to specific witnesses, in-house counsel, and experts.

6. On January 7, 2019, ▇ responded to Defendant's Discovery Requests and produced portions of her records with ISMA and PSI. ▇ did not provide any treatment or counseling records related to her emotional distress claim. ▇ did not sign the authorizations for release of her records. She also did not provide records custodian affidavits from ISMA or PSI certifying that the documents were the complete file regarding ▇ assessment and treatment.

3

7. On January 7, 2019, ▇ also produced Weissman's expert report regarding ▇ diagnosis of alcohol use disorder and alleged emotional distress. ▇ did not produce any treatment or counseling records from Weissman.

8. On March 5, 2019, Defendants served ▇ with a discovery dispute letter pursuant to T.R. 37 ("Rule 37 Letter"). A true and accurate copy of Defendants Rule 37 Letter is attached as <u>Exhibit B</u>. Among other requests in the letter, Defendants asked ▇ to confirm whether she had produced all documents in ISMA's, PSI's and Weissman's files regarding ▇ If ▇ was not in possession of all such records, Defendants again asked ▇ to execute the relevant releases. Defendants again attached the releases to the Rule 37 Letter.[1]

9. Also on March 5, 2019, Defendants, by counsel, deposed ▇ She testified regarding the details of her therapy sessions with Weissman, her evaluation at ISMA, and her assessment and treatment at PSI. She reviewed and discussed records from ISMA and PSI. She identified several of the witnesses later included in Defendants' Supplemental Witness List as relevant witnesses from the records.

10. On March 15, 2019, following ▇ deposition testimony, Defendants filed a Supplemental Witness List and served Supplemental Initial Disclosures identifying witnesses from ▇ PSI and ISMA records, including several witnesses ▇ discussed during her deposition.

11. On March 25, 2019, ▇ responded to the Rule 37 Letter. She produced additional documents from PSI, including a letter from PSI indicating other documents relative to ▇ assessment and evaluation exist and would be produced to ▇ upon her request.

---

[1] Among the authorizations, Defendants provided authorizations for the release of records from ISMA and PSI, specifically provided by ISMA and PSI to Defendants' counsel for the release of such information.

▓▓▓ indicated she did not have possession of Weissman's documents and did not have any additional documents from ISMA. Again, ▓▓▓ failed to sign the authorizations for release of the records.

12. On March 11, 2019, and again on March 18, 2019, Defendants issued subpoenas to Weissman for her deposition and the production of ▓▓▓ treatment records and any other documents used in reaching Weissman's opinions. A true and accurate copy of the March 18, 2019 subpoenas are attached as Exhibit C.[2]

13. On April 5, 2019, Weissman produced records in response to Defendants' subpoena. ▓▓▓ then re-produced the same records Weissman had produced with bates labels.

14. During her deposition on April 12, 2019, Weissman testified she did not produce the original counseling or treatment records in response to the subpoena, instead producing her summary of those records. She also testified she had other documents regarding ▓▓▓ her treatment of ▓▓▓ and/or the opinions she offered in this case, which she had not produced.[3]

15. On April 15, 2019, counsel for Defendants and counsel for ▓▓▓ participated in a telephone call to discuss the outstanding ISMA, PSI and Weissman documents. ▓▓▓ counsel indicated ▓▓▓ had produced all documents in her possession, but could not confirm whether ISMA, PSI, or Weissman possessed additional relevant documents. Counsel for ▓▓▓ also indicated she did not endorse or direct Weissman to produce summaries of her notes or withhold other documents. Counsel for Defendants again requested ▓▓▓ sign the authorizations for release of records from PSI, ISMA and Weissman so that Defendants could

---

[2] The date and time of Weissman's deposition changed multiple times. The substance of the subpoena for production of documents did not change.
[3] Defendants have not cited the specific pages from Weissman's deposition transcript because ▓▓▓ designated the deposition AEO.

serve the non-parties with subpoenas and authorizations for release of the records. Counsel for ▮▮▮ indicated ▮▮▮ would consider the request.

16. On April 23, 2019, counsel for ▮▮▮ emailed Defendants' counsel in response to the April 15, 2019 discussion. Counsel indicated ▮▮▮ would not sign the authorizations for release of the records. A true and accurate copy of counsel's April 23, 2019 email is attached as Exhibit D. In his email, counsel contends: 1) counsel now believes PSI may not possess any additional records so ▮▮▮ will not execute the specific release provided by PSI; 2) ▮▮▮ expert (not represented by ▮▮▮ counsel) testified she "conferred with colleagues" and "sought legal advice" before refusing to produce her complete records, so in ▮▮▮ counsel's view a release from ▮▮▮ "would be unnecessary and futile;" and 3) records of ISMA are subject to "strict confidentiality protections under 42 CFR Part 2" so ▮▮▮ will not execute the specific release provided by ISMA.

### Legal Standard

17. The Indiana Trial Rules are intended to allow a liberal discovery procedure, the purposes of which are to provide parties with information essential to litigation of all relevant issues, to eliminate surprise, and to promote settlement. *Auto-Owners Ins. Co. v. C&J Real Estate, Inc.*, 996 N.E.2d 803, 806 (Ind. Ct. App. 2013). Although the information sought must be reasonably calculated to lead to the discovery of admissible evidence, the information itself does not have to be admissible. *Id.* Importantly, discovery is supposed to be a self-executing process. *Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1196 (Ind. Ct. App. 1993).

18. Although discovery is designed to be self-executing with little, if any, supervision by the trial court, Indiana Trial Rule 37 provides the court with tools to enforce compliance in order to encourage a just and speedy determination of the lawsuit. *Breedlove v. Breedlove*, 421

N.E.2d 739, 741 (Ind. Ct. App. 1981). The Court has broad discretion in ruling on discovery matters, and its decisions will be overturned only upon abuse of that discretion. *Marshall v. Woodruff,* 631 N.E.2d 3, 5 (Ind. App. 1994).

### Argument

19. Defendants' asked ▉ to execute authorizations directed to ISMA, PSI, and Weissman for the release of treatment records on at least three occasions – in its Discovery Requests, Rule 37 Letter, and counsel's meet and confer discussion. The practice of obtaining written consents for the release of records represents the least expensive and most efficient means of procuring information from medical or counseling providers. *Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 649 (N.D. Ind. 1991). Court orders directing providers to produce records often prove unsatisfactory because they require the party seeking production to apply to the court each time the identity of an individual provider is discovered. *Id.* Subpoenas duces tecum, which must be accompanied by witness fees and records deposition notices, can prove costly and may result in additional delay. *Id.* And orders directing the parties themselves to procure and produce their records give no assurance that all pertinent documents will be provided. *Id.* The *Logansport* case addressed precisely the same issue at issue here and held:

> There is no question that by asserting a claim for emotional distress [Plaintiff] has placed her mental and emotional condition in issue and that the defendants are entitled to records concerning any counseling she may have received....The court will, accordingly, issue an order directing [Plaintiff] to produce executed consents authorizing the release of her counseling records.

*Id.* at 649.

20. Despite the liberal discovery standard, ▉ has refused to execute the authorizations directed to ISMA, PSI, and Weissman. In ▉ subjective view, records from these sources are not relevant to her claims or Defendants' defenses. ▉ is incorrect. First,

7

███ claims are inextricably linked, and in many cases based on, the allegations regarding her evaluation at ISMA and referral, assessment, and treatment at PSI. Indeed, ███ claims Defendants are responsible for the ISMA evaluation and eventual referral to PSI, resulting in the damages alleged in her Complaint. Accordingly, the very nature of ███ claims demonstrates her substance abuse diagnosis is a central issue in this case. Information from these sources is therefore crucial to Defendants' defense.

21. Second, ███ has offered Weissman as an expert witness to refute the diagnosis of alcohol use disorder and to testify regarding her emotional distress. It strains credulity to suggest ███ substance abuse disorder is not at issue in this case when ███ offers expert testimony to refute the diagnosis. Records from ISMA and PSI are therefore relevant and necessary to challenge ███ expert testimony.

22. Equally important, Weissman testified that she has **knowingly withheld** records received from ███ as well as Weissman's own treatment notes. Like the ISMA and PSI records, the information withheld is undeniably relevant and discoverable. Defendants are entitled to review **all information** Weissman considered when opining as an expert witness in this matter. There is simply no basis for ███ or Weissman to conclude otherwise. *See, e.g., Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 638 – 641 (N.D. Ind. 1996) (holding that information must be disclosed regardless of whether it was relied upon by expert when providing opinion).

23. Third, ███ is seeking emotional distress damages as a result of Defendants' alleged actions. By doing so, ███ has voluntarily placed her mental condition at issue in this lawsuit. *See Vargas v. Shepherd*, 903 N.E.2d 1026, 1030 (Ind. Ct. App. 2009). "When a party places his or her physical condition at issue, that patient has impliedly waived the physician-patient privilege as to those matters which are causally and historically related to the condition put in issue

8

and which have direct medical relevance to the claim." *Andreatta v. Hunley*, 714 N.E.2d 1154, 1157 (Ind. Ct. App. 1999). The Weissman records are self-evidently related to ▇ psychological condition and emotional distress. Likewise, the PSI records ▇ has produced to date include a discussion of ▇'s psychological history and state. The remainder of the file could certainly contain additional information that would inform ▇ claim of emotional distress. Finally, at her deposition, ▇ testified the ISMA performed an evaluation of her, which could have also included some mental or psychological component. Defendants are therefore entitled to the ISMA, PSI, and Weissman records because they could inform the true degree of emotional distress ▇ claims to be enduring, or alternative sources of emotional distress that have nothing to do with the underlying allegations. *See, e.g., Hunley*, 714 N.E.2d at 1157 (upholding trial court decision compelling ▇ to sign written medical authorizations where physical condition was at issue in lawsuit); *Everhart v. National Passenger R.R. Corp.*, 2003 WL 83569, at * 1 – 2 (S.D. Ind. 2003) (ordering ▇ to execute medical authorizations where she put medical condition at issue in lawsuit). *See also Patton v. Novartis Consumer Health, Inc.*, 2005 WL 1799509, at * 5 (S.D. Ind. 2005) (ordering ▇ to submit written consent to treating physicians allowing defense counsel the opportunity to conduct witness interviews).

24. Fourth, ▇ has waived any privilege associated with the ISMA, PSI, and Weissman records because she voluntarily produced information from these custodians during the course of discovery. ▇ argues she "has not waived her privacy protections, or opened the door to broad discovery issues" relating to this information.[4] Instead, ▇ produced information in her possession "in a good faith effort to cooperate with Defendants."[5] Aside from implicitly conceding this information is relevant, at least for the purposes of discovery, ▇

---

[4] See ▇ proposed Reply in support of her Motion to Strike, p. 2.
[5] *Id.*

9

is asking the Court to allow her to selectively produce documents from a body of undeniably relevant information. The Indiana Trial Rules do not contemplate such an arrangement. Moreover, as *Logansport* observed, relying on a party to "procure and produce their records gives no assurance that all pertinent documents will be provided." *Logansport Community School Corp.*, 139 F.R.D. at 649. ▓▓▓ refusal to execute the releases, and instead selectively produce information, embodies this concern.

25. Fifth, ▓▓▓ cannot refuse to execute the specific releases provided by ISMA and PSI based solely on ▓▓▓ counsel's subjective suggestion that ISMA and PSI (and Weissman) might not possess additional documents or might not honor the releases those organizations provided for this very purpose. The argument is premature. If a third party refuses to respond to a subpoena accompanied by a release, Defendants will have additional recourse. That issue has not yet arisen.

26. ▓▓▓ also cannot argue she is not in possession, custody, or control of the ISMA, PSI, or Weissman records. ▓▓▓ is in control of these records because she could authorize the disclosure with a properly executed release. No one – other than the Court – has that power to authorize the disclosure.

27. In summary, the ISMA, PSI, and Weissman records are undeniably relevant to ▓▓▓ underlying claims and Defendants' defenses. Accordingly, Defendants respectfully request that the Court order ▓▓▓ to execute the authorizations provided to ▓▓▓ counsel. ▓▓▓ confidentiality will be retained because all treatment and assessment records have been and will be labeled as AEO. If any witnesses are deposed related to the documents produced, such deposition testimony will likewise be designated as confidential and AEO.[6]

---

[6] ▓▓▓ has objected to Defendants contacting any of the witnesses identified in the ISMA or PSI records. That issue is currently pending before the Court on ▓▓▓ Motion to Strike.

28. Defendants certify that they have fulfilled their obligation to attempt an informal resolution of this issue pursuant to Trial Rule 37 and the Court's local rules.

WHEREFORE, Defendants respectfully request that the Court order ▬▬▬ to execute the authorizations provided with their Discovery Requests and grant any other relief the Court deems just and proper.

111 Monument Circle
Suite 702
Indianapolis, IN 46204
Telephone: 317.287.3600
Facsimile: 317.636.0712
Email: amclaughlin@littler.com
  econnor@littler.com

Respectfully submitted,

_____
Alan L. McLaughlin (#10182-49)
Emily L. Connor (#27402-49)

*Attorneys for Defendants*
*St. Vincent Medical Group, Inc., St. Vincent Carmel Hospital, Inc., and Hannah Thornton, R.N., N.P.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of May, 2019, I filed a copy of the foregoing *Motion to Compel Plaintiff to Execute Written Authorizations* electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Kathleen A. DeLaney
        Christopher S. Stake
        DELANEY & DELANEY
        Kathleen@delaneylaw.net
        Cstake@delaneylaw.net