## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 3777 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| ST. VINCENT MEDICAL GROUP, INC., | ) | |
| ST. VINCENT CARMEL HOSPITAL, INC., | ) | |
| and HANNAH THORNTON, R.N., N.P., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Defendants St. Vincent Medical Group, Inc., ("SVMG"), St. Vincent Carmel Hospital, Inc. (the "Hospital"), and Hannah Thornton, R.N., N.P. filed this action for an authorizing order to issue subpoenas to the Positive Sobriety Institute, LLC ("PSI"). The Court previously denied Defendants application [20]. Defendants now move for reconsideration of that Opinion and Order with respect to the deposition of one or more treatment providers at PSI regarding Plaintiff Dr. Jane Doe's diagnosis. Because the Court finds that Doe's diagnosis is at issue and good cause exists, the Court grants Defendants' motion to reconsider and authorizes the production of Doe's treatment records at PSI for attorney's eyes only. Additionally, because the Court finds that Defendants gave Doe and PSI adequate notice and good cause exists, the Court authorizes the deposition of Dr. Anish John, M.D., limited solely to Doe's diagnosis. But because Defendants have not shown that good cause for the deposition of unknown doctors whom Defendants may discover are relevant upon review of Doe's treatment records, the Court does not authorize Defendants to take these unknown doctors' depositions.

## BACKGROUND

Doe is an OB/GYN physician practicing at SVMG in Indianapolis, Indiana. She has staff privileges at the Hospital in Carmel, Indiana. Doe sued these entities, along with Thornton, an employee of the Hospital, in Indiana Commercial Court in Marion County. She is pursuing claims of fraud, constructive fraud, negligent misrepresentation, tortious interference with employment relationship, defamation, and conspiracy. This matter is currently pending under Indiana cause number 49D01-1807-PL-026160 (the "Indiana Lawsuit").

In the Indiana Lawsuit, Doe alleges that in December 2017, Thornton falsely accused her of having an odor of alcohol on her breath while she was at work. Although no one from the Hospital timely tested Doe's blood alcohol level, Thornton's employer, the Hospital, questioned Doe about the incident and referred the matter to Doe's employer, SVMG. SVMG placed Doe on administrative leave and did not allow her to return to work until she sought an evaluation for alcohol abuse through the Indiana State Medical Association ("ISMA").

ISMA referred Doe to PSI in Chicago. PSI diagnosed Doe with alcohol use disorder and subsequently treated her for it. After completing PSI's treatment program in March 2018, Doe returned to work, subject to a five-year monitoring contract with ISMA. Doe disagrees with PSI's diagnosis and has disclosed an expert witness who opines, in part, that PSI's diagnosis is incorrect; however, for the purposes of the Indiana Lawsuit, Doe argues that she need not prove that PSI erred in its diagnosis to prevail on her claims.

Defendants and Doe have been engaged in this discovery dispute regarding the production of Doe's records at PSI for the better part of a year. Initially, Defendants requested that Doe sign a written authorization that would have permitted Defendants' counsel to directly request and obtain Doe's evaluation and treatment records from PSI. Doe did not sign the

2

authorization; instead, she obtained the records herself from PSI and then produced them to Defendants. She produced these documents under a protective order designating all documents related to her counseling and treatment records as attorney's eyes only. *See* Doc. 1-3.

After the Court's denial of Defendants' motion to issue an authorizing order, the parties learned that PSI had not produced Doe's entire file. The Court reversed its ruling and granted Defendant's motion to reconsider in part, granting Defendants' original application to allow them to subpoena PSI for all treatment records. However, the parties now dispute whether that application includes permission for Defendants to depose PSI treatment providers.

## LEGAL STANDARD

Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

3

**ANALYSIS**

Doe makes three arguments against permitting Defendants to depose PSI treatment providers: (1) that Defendants did not request depositions in their original application and therefore failed to provide both Doe and PSI adequate notice of an application for depositions; (2) that PSI's diagnosis is not at issue in the case; and (3) that Defendants do not have good cause to seek the depositions.  In response, Defendants argue: (1) that the term "records" includes deposition testimony and that Doe has been aware of Defendants' intent to depose PSI treatment providers for a significant amount of time; (2) that Doe has placed PSI's diagnosis at issue; and (3) that the Court, in granting Defendants' initial application, has already found that PSI's diagnosis is at issue and that Defendants have shown good cause.

## I.     Disclosure of Treatment Records

The Court first addresses the second and third points of contention, whether PSI's diagnosis is at issue and whether Defendants have shown good cause.  Two regulations, 42 C.F.R. §§ 2.63 and 2.64, control the process of disclosing these confidential records without the patient's consent.  42 C.F.R. § 2.63 lists the three instances in which a court may order disclosure:

> (a) A court order under the regulations in this part may authorize disclosure of confidential communications made by a patient to a part 2 program[1] in the course of diagnosis, treatment, or referral for treatment only if:
>
>> (1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties;
>>
>> (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime allegedly committed by the patient, such as one which

---

[1] The parties agree that PSI meets the requirements of a part 2 program.  *See* Doc. 18 at 3; Doc. 1 at 2.

> directly threatens loss of life or serious bodily injury,
> including homicide, rape, kidnapping, armed robbery,
> assault with a deadly weapon, or child abuse and neglect;
> or
>
> (3) The disclosure is in connection with litigation or an
> administrative proceeding in which the patient offers
> testimony or other evidence pertaining to the content of the
> confidential communications.

42 C.F.R. § 2.63.  If the request for disclosure meets one of these three criteria, the Court must then determine that good cause exists to disclose these confidential records:

> (d) Criteria for entry of order.  An order under this section may be
> entered only if the court determines that good cause exists.  To
> make this determination the court must find that:
>
> (1) Other ways of obtaining the information are not
> available or would not be effective; and
>
> (2) The public interest and need for the disclosure outweigh
> the potential injury to the patient, the physician-patient
> relationship and the treatment services.

42 C.F.R. § 2.64.

While the Court originally found otherwise, upon reconsideration, the Court found that PSI's diagnosis is at issue in the case because Doe disclosed her therapist as an expert witness who has opined that Doe does not have alcohol use disorder and that PSI's diagnosis is incorrect. *See* Doc. 26.  This satisfies the requirements of § 2.63(a)(3) as being "in connection with litigation . . . in which the patient offers testimony or other evidence pertaining to the content of the confidential communications."  42 C.F.R. § 2.63(a)(3); *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.*, 967 F. Supp. 346, 349 (C.D. Ill. 1997) (finding employee waived psychotherapist-patient privilege by placing her mental condition at issue by disclosing her treating psychotherapist as an expert witness).  By placing PSI's diagnosis at issue, Doe has opened the door to the disclosure of her confidential records that relate to that diagnosis.  *Fannon*

*v. Johnston*, 88 F. Supp. 2d 753, 762–63 (E.D. Mich. 2000) (analyzing the meaning of "offering testimony or other evidence" under § 2.63(a)(3) and finding it analogous to interpretations of Federal Rule of Evidence 404(a): "a defendant can 'offer' testimony simply by presenting any testimony that could be interpreted as character evidence; doing so is oftentimes referred to as 'opening the door.'"); *Soloff v. Lincoln Nat'l Life Ins. Co.*, No. 2:09-cv-609-FtM-36DNF, 2010 WL 11507005, at *2 (M.D. Fl. Nov. 1, 2010) ("Plaintiff has opened the door to the use of [Plaintiff's] records by citing to them in the Plaintiff's expert opinion.").

The Court also implicitly found that Defendants have demonstrated good cause regarding Doe's PSI treatment records but makes this finding explicit here. Doc. 26; 42 C.F.R. § 2.64. The Court finds that Defendants have exhausted their means of obtaining this information, first by requesting Doe's consent, then by filing a motion to compel in the underlying Indiana Lawsuit, and finally by filing an application to issue subpoenas in this Court. *Wachel v. First Colony Life Ins. Co.*, No. 2:05-CV-292-PRC, 2005 WL 8170419, at *2 (N.D. Ind. Dec. 7, 2005) (finding first prong of good cause met where defendants could not get consent and had exhausted other alternatives).

The Court moves to the weighing of public interest, need for disclosure, and the potential injury to the patient, the physician-patient relationship and the treatment services. Three factors indicate that any potential injury to Doe, her relationship with PSI's doctors, and her treatment services would be minimal: (1) Doe has not indicated that she has a continuing treatment relationship with PSI; (2) Doe represented previously that the documents she had produced to Defendants were all of her treatment records at PSI but the parties and the Court are now aware that PSI's production to Doe, and subsequently Doe's production to PSI, was a partial section of Doe's treatment records; and (3) the disclosure will be limited to attorney's eyes only. *Doe v.*

6

*Marsh*, 899 F. Supp. 933, 935 (N.D.N.Y. 1995) (finding magistrate judge did not commit error in finding good cause where original disclosure was incomplete and supplemental disclosure was limited to defendants' counsel only). The Court finds that the public interest in disclosure, protected and limited to attorney's eyes only, is strong in part because certain key aspects of Doe's diagnosis and treatment still remain in question, such as the role of Dr. Anish John, M.D. *Id.* ("This Court notes that it has long been held that there are strong public policies that favor disclosure for the purposes of narrowing issues, ascertaining facts, and reducing the possibility of surprise at trial." (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947))); *see* Doc. 28 at 11 (Doe argues that "there is no evidence that Dr. John participated in the diagnosis of Dr. Doe."); Doc. 31 at 7 (Defendants state that "counsel for PSI indicated Dr. John would likely be the best witness to provide testimony regarding Doe's diagnosis."). Therefore, after considering the relevant factors, the Court finds Defendants have shown good cause under § 2.64.

Having found that Defendants' application satisfies §§ 2.63 and 2.64, the Court enters an order authorizing the supplemental disclosure of PSI's full treatment records relating to Doe for attorney's eyes only. "Such an order does not compel disclosure. A subpoena or a similar legal mandate must be issued in order to compel disclosure." 42 C.F.R. § 2.61(a). Defendants must therefore issue a subpoena to PSI following the Court's order that comports with the various requirements of the Substance Abuse and Mental Health Services Administration Act ("SAMHSA"), 42 U.S.C. § 290dd-2, and its accompanying regulations.

## II.    Deposition Testimony

The Court turns finally to whether this authorization extends to allow Defendants to depose Doe's diagnosing doctors at PSI and if not, whether Defendants may take such depositions by other means.

### A.    Meaning of "Records"

The Court first analyzes Defendants' argument that the term "records" in their original application includes taking additional depositions. SAMHSA protects the confidentiality of

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States.

42 U.S.C. § 290dd-2(a). "Records" are defined by 42 C.F.R. § 2.11:

> Records means any information, whether recorded or not, created by, received, or acquired by a part 2 program relating to a patient (e.g., diagnosis, treatment and referral for treatment information, billing information, emails, voice mails, and texts). For the purpose of the regulations in this part, records includes both paper and electronic records.

42 C.F.R. § 2.11. Defendants cite a single case, *Soloff*, 2010 WL 11507005, at *2, to support the proposition that "records" can be defined to include deposition testimony. However, the Court finds that neither the case itself nor Defendants' explanation of the case, that the court "found that the plaintiff had opened the door to substance abuse records in a case involving the production of both records and depositions of psychiatrists at the treatment facility," clarify why the Court should construe "records" so broadly as to include depositions. Doc. 31 at 3–4. Additionally, the Court's review of cases construing the definition of "records" under § 2.11 has not found a case that casts "records" so broadly as to include depositions of the patient's treatment or diagnosis providers.

8

Nevertheless, the language of 42 C.F.R. § 2.63(a) states that a court "may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral." 42 C.F.R. § 2.63(a). In the Court's review of cases analyzing § 2.63(a), few have discussed the issue of depositions; however, at least one court has found that "§ 2.63(a)(3) permits a limited deposition" of a treating counselor or doctor who made notes in the patient's file. *Lopez v. Louoro*, No. 01 Civ.2490 JSM DF., 2002 WL 31682398, at *2 (S.D.N.Y. Nov. 27, 2002) (allowing limited deposition about patient's oral communications with treating counselor where patient put mental condition at issue). Defendants in *Lopez* "pointed to a specific written document that, while not entirely clear, appears to suggest that, immediately prior to his accident, Plaintiff may have had drug abuse problems that impacted on his ability to maintain a job." *Id.* As such, the court in *Lopez* allowed a deposition of the treating counselor who created that document that was strictly limited "to clarify the meaning of the December 6, 2000, case note, so as to attempt to determine whether Plaintiff was, in fact, opiate-dependent at the time of his accident . . . ." *Id.* The court placed strong limitations on the deposition:

> The deposition, however, shall not be used as a means to explore any and all communications between Plaintiff and the counselor over the course of Plaintiff's treatment. Further, nothing in this opinion is intended to rule on whether the evidence that Defendants may obtain through the deposition will be admissible at trial.

*Id.* Similar limitations are appropriate in this case, with the requested deposition of Dr. John and potentially other diagnosing doctors limited to the sole issue of PSI's diagnosis of Doe.

### B. Notice and Good Cause

Doe argues that Defendants have not properly put her and PSI on notice or demonstrated good cause for the deposition of Dr. John and potentially other diagnosing doctors based on a review of Doe's complete treatment records. For the same reasons that the Court found good

cause for the disclosure of Doe's treatment records, the Court finds good cause for the deposition of Dr. John: the potential injury to Doe, her relationship with PSI's doctors, and her treatment services remains low, while the public interest and need for disclosure to clarify remaining questions, such as Dr. John's role in Doe's diagnosis, is sufficiently high to find good cause exists for a limited deposition of Dr. John. *See Marsh*, 899 F. Supp. at 935; Doc. 28 at 11; Doc. 31 at 7. However, the Court finds that allowing depositions of unknown diagnosing doctors based on Defendants' review of Doe's full treatment records would stretch too far past potential limitations. Defendants cannot presently show that there are no other ways of obtaining information that is unknown at this time from doctors who are unknown at this time. As such, the Court cannot find good cause exists for depositions of unknown doctors. 42 C.F.R. § 2.64(d)(1) ("To make [a good cause] determination the court must find that: Other ways of obtaining the information are not available or would not be effective").

The Court therefore turns to the question of notice regarding the deposition of Dr. John. 42 C.F.R. § 2.64(b) regulates the notice requirements applicable in this case:

> (b) Notice. The patient and the person holding the records from whom disclosure is sought must be provided:
>
> > (1) Adequate notice in a manner which does not disclose patient identifying information to other persons; and
> >
> > (2) An opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order as described in § 2.64(d).

42 C.F.R. § 2.64(b). Though not attached to the initial application, Defendants attached copies of their deposition subpoenas served on PSI for the deposition of Dr. John and a corporate representative of PSI's choice to their reply in the initial briefing on their motion. Doc. 19 Ex. 3. Defendants served those subpoenas on Doe and PSI on June 7, 2019. Subsequently, Doe filed a

10

motion for a protective order in the Indiana Lawsuit, acknowledging that Defendants' original application to this Court had been filed as a means of obtaining "documents directly from PSI, and to subpoena PSI personnel for depositions." Doc. 31 Ex. A at 4 ¶ 10. Doe argues that because the request for deposition subpoenas was not included in the original application to this Court, she was not on notice that Defendants were asking this Court specifically for permission to serve them and therefore could not properly respond. However, the Court notes that since Doe became aware that Defendants were in fact asking this Court for such permission, she had a response and sur-reply to respond. Section 2.64(b) requires two things: (1) adequate notice in a confidential manner, and (2) an opportunity to respond. 42 C.F.R. § 2.64(b). The Court finds that the subpoenas served on PSI and filed with this Court served as adequate notice and that Doe acted as if she were on notice by filing for a protective order in the Indiana Lawsuit. Furthermore, the Court finds that Doe and PSI had ample time to respond in the previous four months. Therefore, with respect to Dr. John, the Court finds that Defendants served proper notice and good cause exists to take a limited deposition regarding Doe's diagnosis at PSI.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to reconsider [23] in the following manner: the Court grants Defendants' Application [1] and authorizes the production of Jane Doe's Positive Sobriety Institute, LLC treatment records pursuant to the terms of the Protective Order [1-3] and Subpoena Duces Tecum [1-5] attached to Defendants' Application [1]; and the Court authorizes the deposition of Dr. Anish John, M.D., limited to Doe's diagnosis.

Dated: November 18, 2019

SARA L. ELLIS
United States District Judge